UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8664 PA (JCGx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Tiffani Brown v. Ortho-McNeil Pharmaceutical Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, Alza Corporation, and Janssen Pharmaceuticals, Inc. (f/k/a Ortho-McNeil Pharmaceutical, Inc.) ("Defendants") on October 19, 2011. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Tiffani Brown ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of a limited liability company or other unincorporated entity is the citizenship of its members. See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 652 (7th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8664 PA (JCGx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Tiffani Brown v. Ortho-McNeil Pharmaceutical Inc., et al. | | |

Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In their Notice of Removal, Defendants acknowledge that Alza Corporation is a citizen of California. Nonetheless, Defendants maintain that Alza Corporation has been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006)). Where a defendant seeking removal makes claims of fraudulent joinder, a district court may examine evidence beyond the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)).

In the Notice of Removal, Defendants assert that Alza Corporation was fraudulently joined because it ceased manufacturing Ortho Evra, the product at issue, in December 2005, and that Ortho Evra has a shelf life of two years. According to Defendants, because any Ortho Evra manufactured by Alza Corporation would have expired by December 2007, and Plaintiff's Complaint alleges that she used

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-8664 PA (JCGx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Tiffani Brown v. Ortho-McNeil Pharmaceutical Inc., et al. | | |

Ortho Evra beginning in December 2008, Alza Corporation could not have produced the Ortho Evra used by Plaintiff. However, neither the Complaint nor the evidence submitted in support of the Notice of Removal forecloses the possibility that Plaintiff used Ortho Evra that was beyond its shelf life. Accordingly, Defendants have failed to meet their heavy burden of showing that Alza Corporation was fraudulently joined.

Because the Court cannot conclude that Alza Corporation was fraudulently joined, its presence renders the Notice of Removal procedurally defective under the "local defendant" limitation on removals. See 28 U.S.C. § 1441(b). Accordingly, this action is remanded to Los Angeles County Superior Court, Case No. BC 464491. See 28 U.S.C. § 1447(c). The Court stays this order until November 1, 2011. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before November 1, 2011.

The Court notes that Plaintiff is a citizen of Tennessee, none of the Defendants are alleged to be located in this District, and none of the events at issue are alleged to have occurred in this District. If, Plaintiff files a waiver of the procedural defect, the Court orders the parties to show cause in writing, not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Western District of Tennessee, Western Division, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 123(c)(2), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Western District of Tennessee;

2. Whether venue is appropriate in the Western District of Tennessee;

3. What contacts, if any, each of the parties has to the Central District of California ("Central District") and to the Western District of Tennessee District. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiff's causes of action have to the Central District and to the Western District of Tennessee;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Western District of Tennessee.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-8664 PA (JCGx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Tiffani Brown v. Ortho-McNeil Pharmaceutical Inc., et al. | | |

7. The ease of access to sources of proof in each of the two forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Western District of Tennessee; and

9. Whether there are any alternative forums, other than the Central District or the Western District of Tennessee, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiff is ordered to file her response no later than November 1, 2011 (if she waives the Notice of Removal's procedural defect). Defendants may file their responses no later than November 7, 2011. Failure to timely respond to this order to show cause may result in the imposition of sanctions. A ruling on the order to show cause will issue prior to the issuance of any stay of these proceedings or transfer to MDL-1742.

IT IS SO ORDERED.